107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Perry WALKER, Plaintiff-Appellant,
v.
Edward P. KOVACIC, et al., Defendants-Appellees.
 No. 96-3208.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1997.
 
 Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Perry Walker, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Walker sued the City of Cleveland and multiple police officers contending that his Fourth, Sixth, and Fourteenth Amendment rights were violated when he was arrested for disorderly conduct intoxication. The parties filed cross-motions for summary judgment and for partial summary judgment. The district court subsequently granted summary judgment for all the defendants and dismissed the case.
 
 
 3
 In his timely appeal, Walker argues that the police officers violated his constitutional rights by entering his apartment without a warrant, that genuine issues of material fact exist which prevent the granting of summary judgment for the defendants, and that the district court erred in concluding that the police did not use excessive force when they arrested him.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 A review of the record shows that there is a genuine issue of material fact which exists as to the circumstances surrounding the conduct of defendants Mott and Gokey. As a genuine issue of material fact exists as to these defendants, the district court improperly granted summary judgment to Mott and Gokey. We must review all the facts and inferences therefrom in the light most favorable to the non-moving party. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). In responding to a summary judgment motion, the non-moving party cannot rest on its pleadings, but must present some specific facts showing that there is a genuine issue for trial. Id.
 
 
 6
 Numerous issues of fact exist which prevent the granting of summary judgment for Mott and Gokey. First, Walker states that no music was playing from his apartment as he was asleep at the time the officers entered his home. The officers contend that loud music was coming from the apartment, that they asked for the music to be reduced, and that they subsequently entered the premises only after hearing a fight between Walker and an unidentified female. Next, there is a question as to the warrantless search that was conducted of the apartment. Walker contends that all the rooms, drawers, and closets in his apartment were searched. Mott and Gokey contend that they just glanced into each room. As these disputed facts strike at the very heart of Walker's constitutional claims, summary judgment was inappropriate as to defendants Mott and Gokey.
 
 
 7
 As for the City of Cleveland and the remaining defendants, our review shows that there is no genuine issue of material fact and that these defendants were entitled to summary judgment as a matter of law.
 
 
 8
 Accordingly, we affirm the district court's judgment as to all defendants except Mott and Gokey, we vacate the district court's grant of summary judgment as to Mott and Gokey, and remand the case to the district court for further proceedings only as to defendants Mott and Gokey. Rule 9(b)(3), Rules of the Sixth Circuit.